UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X
                                                      :

EDUARDO PLACENCIA,                  :

                             :

               Plaintiff,        :

                             :                25-cv-9021 (LJL)

     -v-                      :

                             :                 ORDER

CITY OF NEW YORK, et al.,        :

                             :

            Defendants.      :

                             :

----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiff initiated this case by complaint filed on October 27, 2025.  Dkt. No. 1.  He alleges that he was placed in involuntary protective custody in the North Infirmary Command ("NIC") for approximately fifteen months without proper procedural protections.  *Id.* at 5.  He was placed in his cell for twenty-three hours a day with little to no contact with other incarcerated individuals.  *Id.*  At the initial pretrial conference on April 8, 2026, the City affirmed that Plaintiff was in fact held in NIC for the time alleged and indicated an interest in engaging in settlement discussions.

The Court finds that representation for Plaintiff in a limited capacity would promote efficiency and "lead to a quicker and more just result."  *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).  Among other things, counsel would be able to greatly assist Plaintiff with managing discovery, taking depositions, and negotiating a possible settlement.  *See Villar v. City of New York*, 540 F. Supp. 3d 437, 441 (S.D.N.Y. 2021) (granting application for appointment of pro bono counsel for settlement discussions); *Smith v. Collins*, 2016 WL 1178750, at *1 (S.D.N.Y. Mar. 18, 2016) (granting application for appointment of pro bono counsel for certain

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  04/08/2026

document discovery and depositions).  Accordingly, the Court respectfully directs the Clerk of Court to attempt to locate pro bono counsel for the limited purpose of discovery and settlement.

It should be noted that the Court does not have the authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant pro bono.  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989).  There is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the Court will locate another.  In either instance, Plaintiff should be prepared to proceed with the case without representation.  If an attorney volunteers, the attorney will contact Plaintiff directly.

The Clerk of Court is respectfully requested to mail a copy of this Order to Plaintiff at the address on file with the Court.

SO ORDERED.

Dated: April 8, 2026
         New York, New York

_____
LEWIS J. LIMAN
United States District Judge

2